Patrick J. Murphy, WSB # 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: 307.265.0700
Fax: 307.266.2306
Email: pmurphy@wpdn.net

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN 25  PM 1:03

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

NANCY RANSOM, )
)
    Plaintiff, )
)
v. )
)
CRST EXPEDITED, INC., an Iowa )
corporation, EDGAR ZELAYA, an )
individual; and DOES 1 through 10, and )
ROE CORPORATIONS 1 through 10, )
inclusive, )
)
    Defendants. )
)

Civil No. _19-CV-16-MLC_

## PETITION AND NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332, Defendants hereby petition for removal of this action from the Third Judicial District Court of Sweetwater County, Wyoming, to the United States District Court for the District of Wyoming. In support thereof, Defendants state the following as grounds for removal of this action:

Receipt # _1A5003/87_
Summons: _0_ issued
_____ not issued

1

## I.   INTRODUCTION.

1.      This lawsuit arises out of a trucking accident on Interstate 80 in Sweetwater County, Wyoming.  Plaintiff Nancy Ransom seeks compensatory and punitive damages from both Defendants.  Plaintiff seeks money damages for her past and present medical expenses, her loss of past and future earnings, past and present pain and suffering, physical impairment, and past and present loss of enjoyment of life and all other compensable general damages.

## II.   STATE COURT CIVIL ACTION NO. 18-673-J.

2.      On November 30, 2018, Plaintiff filed her Complaint in the Third Judicial District Court of Sweetwater County, Wyoming styled *Nancy Ransom v. CRST Expedited, Inc., an Iowa Corporation; Edgar Zelaya, an individual; and Does 1 through 10, and Roe Corporations 1-10, inclusive*, Civil Action No. 18-673-J (hereinafter the "State Court Action").  A true and correct copy of the state court Complaint is attached hereto and marked **"Exhibit A."**   A copy of the Summons and Complaint was served on CRST Expedited, Inc. on December 27, 2018. A copy of the Summons and Complaint was served on Edgar Zelaya on December 29, 2018.

3.      Plaintiff asserts negligence claims for compensatory damages, and punitive damages, against both Defendants. *Complaint*, ¶¶ 15-39.

## III.   PROCEDURAL REQUIREMENTS.

4.      This *Petition and Notice of Removal* is timely under 28 U.S.C § 1446(b) because it is filed within thirty (30) days of each Defendant's receipt of the Summons and Complaint.

2

5.      This action is properly removed to this Court because the State Court Action is pending within this district.  28 U.S.C. § 1441.

6.      The United States District Court for the District of Wyoming has diversity jurisdiction over this action.  28 U.S.C. § 1332(a).

7.      Simultaneously with the filing of this *Petition and Notice of Removal*, Defendants are filing a copy of the *Petition and Notice of Removal* in the Third Judicial District Court of Sweetwater County, Wyoming, pursuant to 28 U.S.C. § 1446(d).

### IV.     THIS COURT HAS DIVERSITY JURISDICTION.

8.      When there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, an action may be removed to federal court.  28 U.S.C. §§ 1332(a) and 1441(a).  Complete diversity exists in this case because Plaintiff is not a citizen of the same state as either Defendant.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The amount in controversy also exceeds the minimum jurisdictional amount, exclusive of interest and costs.  28 U.S.C. § 1332(a). Therefore, the United States District Court for the District of Wyoming has diversity jurisdiction over this action.

### A.  THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

9.      Plaintiff "presently resides in the State of Florida."  *Complaint* at ¶ 1. Consequently, Plaintiff is a citizen of Florida.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (stating an individual is a citizen of the State in which they are domiciled).

10.    CRST Expedited, Inc. is incorporated in Iowa and maintains its principal place of business in Cedar Rapids, Iowa. A corporation is deemed a citizen of the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Thus, CRST Expedited, Inc. is a citizen of Iowa.

11.    Defendant Edgar Zelaya is a resident of the State of Texas.

12.    Because Plaintiff is not citizen of Iowa or Texas, complete diversity exists in this matter. 28 U.S.C. § 1332(a).

### B. THE AMOUNT IN CONTROVERSY EXCEEDS THE MINIMUM REQUIREMENT.

13.    Where the complaint fails to specify the amount of the plaintiff's alleged damages, "courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The preponderance of the evidence standard "applies to jurisdictional facts, not jurisdiction itself. . . '[w]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a consequence of the facts rather than a provable 'fact.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (*quoting Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 640-43 (7th Cir. 2006)).

14.    The Tenth Circuit has explained three methods for defendants to satisfy the amount in controversy requirement where, as here, the complaint is silent on the issue. "[T]he defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail*, 529 F.3d

4

at 955 (noting the Fifth Circuit's decision upholding removal based on a complaint seeking recovery for property damages, travel expenses, ambulance trip costs, hospital stay, pain and suffering, and humiliation). Second, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *McPhail*, 529 F.3d at 956 (*quoting Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Although any settlement offers would not be permissible at trial to establish liability, the Tenth Circuit has stated that "documents that demonstrate plaintiff's own estimation of its claims are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amounts of liability." *McPhail*, 529 F.3d at 955-56. Finally, if a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Lovell v. State Farm Mutual Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

15.    Plaintiff's *Complaint* contains a combination of facts and theories of recovery which support claims in excess of the $75,000 jurisdictional amount. Specifically, Plaintiff asserts causes of action for negligence and punitive damages. *Complaint*, ¶¶15-39. As Plaintiff has presented a combination of facts and theories of recovery, it is clear the *Complaint* supports claims in excess of $75,000 and should be removed to federal court. *See McPhail*, 529 F.3d at 955.

16.    Defendants' counsel has conferred with Plaintiff's counsel about this proposed removal to Wyoming Federal District Court, and Plaintiff's counsel Michael Newman has authorized Defendants' counsel to advise the Court Plaintiff agrees with the

5

requested removal to Wyoming Federal District Court.  Plaintiff's counsel affirmatively states that Plaintiff's damages exceed $75,000, exclusive of interest and costs.

V.    CONCLUSION.

WHEREFORE, Defendants petition for removal of the State Court Action from the Third Judicial District Court of Sweetwater County, Wyoming to the United States District Court for the District of Wyoming, so that this Court may assume jurisdiction over the cause as provided by law.

DATED this 25th day of January, 2019.

Respectfully submitted,

Patrick J. Murphy, W.S.B. # 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
(307) 265-0700 (Telephone)
(307) 266-2306 (Facsimile)
Email: pmurphy@wpdn.net

ATTORNEY FOR CRST EXPEDITED, INC., AND
EDGAR ZELAYA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served this 25th day of January, 2019 as follows:

Michael D. Newman
WSB No. 5-2510
HAMPTON & NEWMAN, L.C.
118 3RD STREET
P.O. Box 1000
Rock Springs, WY 82902
(307) 982-6443
mnewman@hamptonnewmanlaw.com

[ x ]   U. S. Mail (prepaid)
[   ]   CM/ECF Electronic Transmission
[   ]   Overnight Delivery
[   ]   Hand Delivery
[ x ]   Electronic Mail

/s/ Patrick J. Murphy
Patrick J. Murphy

# EXHIBIT

# A

HAMPTON & NEWMAN LC
Michael D. Newman, WSB #5-2510
P.O. Box 1000
Rock Springs WY 82902
(307) 382-6443
(307) 382-7866-Fax
mnewman@hamptonnewmanlaw.com

FILED
DISTRICT COURT
THIRD JUDICIAL DISTRICT
SWEETWATER COUNTY WY

NOV 3 0 2018

DONNA LEE BOBAK
BY_____ CLERK OF COURT

DEPUTY CLERK

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

## WITHIN AND FOR SWEETWATER COUNTY, WYOMING

| | |
|---|---|
| NANCY RANSOM,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CRST EXPEDITED, Inc., an Iowa<br>Corporation; EDGAR ZELAYA, an<br>individual; and DOES 1 through<br>10, and ROE CORPORATIONS 1<br>through 10, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _18-673-J_

### COMPLAINT

**COMES NOW** the above-named Plaintiff, Nancy Ransom, by and through

counsel, Michael D. Newman of Hampton & Newman, LC, and states the following facts

constituting her claims for relief against the above-named Defendants, CRST

EXPEDITED, Inc., EDGAR ZELAYA, and DOES 1-10 and ROES 1-10:

1.    At all relevant times hereto, Plaintiff Nancy Ransom was a citizen and

resident of the State of Nevada, and now presently resides in the State of Florida.

2.    Upon information and belief, at all relevant times hereto, Defendant CRST

EXPEDITED, Inc. (hereinafter "CRST"), was, and presently is, an Iowa corporation

organized under the laws of Iowa with its principal place of business in Cedar Rapids, IA.

3.    That upon information and belief, at all times relevant hereto, EDGAR

ZELAYA (hereinafter "Zelaya"), was and is a resident of the State of Texas.

4.    Defendants Does 1 through 10 and Roes 1 through 10 are individuals,

corporations, companies, partnerships, limited liability companies, joint ventures, or other

business entities whose specific identities are not presently known to Plaintiff, but were

the owners and/or operators that where the direct and proximate cause of the events,

injuries and damages suffered by Plaintiff that are the subject matter of this action.  When

the true names, identities or capacities of Defendants Does or Roes, if any, are ascertained, Plaintiff will seek leave of the Court to amend the Complaint to insert the true names, identities and capacities, of said Doe and Roe Defendants together with the proper charging allegations.

5. Whenever named in this Complaint, each and every reference to "Defendants" is intended to be, and shall be a reference to all Defendants named in this action, including all Defendant Does and Roes if determined they exist.

6. That at all times relevant hereto, Defendant Zelaya was, at the time of the incident in question, an employee with Defendant CRST or Defendant Does and Roes as an over-the-road semi-truck driver, working in the course and scope of his employment for Defendant CRST or Defendant Does and Roes.

7. That venue of this action is proper in Sweetwater County, Wyoming, pursuant to the provisions of W.S.A. §1-5-109.

8. That this Court has subject matter jurisdiction pursuant to Art. 5 § 10 of the Wyoming Constitution, and the amount in controversy in this action exceeds the amount required to confirm jurisdiction upon this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff realleges and incorporates by reference herein all prior paragraphs of this Complaint.

10. On or about December 11, 2016, Plaintiff was operating a 2015 Freightliner Cascadia 125 owned by her employer, Pride Transport Inc. and was driving westbound on Interstate 80 in Sweetwater County, Wyoming.

11. Defendant Zelaya was also traveling westbound on Interstate 80 in CRST's Truck Tractor when Defendant Zelaya passed Plaintiff on the left as both were moving in the same direction. Once Zelaya was ahead of Plaintiff's vehicle, he negligently failed to account for weather conditions on the roadway and lost control of his vehicle, allowing it to rotate clockwise and bringing it directly in front of Plaintiff's vehicle.

12. That upon information and belief, Defendant CRST employed Defendant Zelaya on December 11, 2016.

13. That upon information and belief, Defendant CRST owned the commercial vehicle driven by Zelaya on December 11, 2016.

14. That the commercial vehicle was a 2017 Freightliner Truck Tractor (hereinafter the "Truck Tractor").

15. That upon information and belief Defendant CRST entrusted the Truck Tractor to Defendant Zelaya.

16. That the aforementioned collision between Plaintiff and Defendant Zelaya was proximately caused by the negligent acts and omissions of Defendant Zelaya.

17. That at all relevant times hereto, Defendant Edgar Zelaya was an employee, agent and servant of Defendant CRST, or Defendant Does and Roes, acting within the scope of his employment for said Defendants on the date and at the time of the alleged occurrence involved in this matter, and therefore Defendants are responsible for any and all negligent acts and omissions of Edgar Zelaya by reason of *respondeat superior*.

18. That as a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff Nancy Ransom suffered serious, disabling and permanent personal injuries for which she has received medical and hospitalization treatment and for which she has incurred necessary and reasonable medical care, treatment and hospitalization expenses and will incur future medical expenses based upon a reasonable medical probability for necessary and reasonable medical treatment in an amount to be established at trial.

19. That as a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff Nancy Ransom has incurred, or will incur, lost wages and/or earnings and impairment to her future earning capacity, all to her loss in an amount to be established at trial.

20. That as a direct and proximate result of negligent acts and omissions of Defendants, Plaintiff Nancy Ransom has experienced pain and suffering, mental and emotional anguish, loss of enjoyment of life and permanent and physical functional impairment disabilities for which is entitled to recover general damages for these and all other general losses, present, past and future in an amount to be established at trial.

21.   Plaintiff has been required to retain the services of an attorney to prosecute this action, and therefore is entitled to reasonable attorney's fees and costs.

### FIRST CAUSE OF ACTION – NEGLIGENCE
**(As to all Defendants)**

22.   Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

23.   That Defendant Zelaya owed Plaintiff Nancy Ransom a duty of care to operate his motor vehicle in a reasonably safe and proper manner and in compliance with all state and federal highway traffic safety statutes, ordinances, rules and regulations. Defendant Zelaya breached his duty of care to Plaintiff Nancy Ransom and the collision between the motor vehicles operated by Plaintiff Nancy Ransom and Defendant Zelaya's truck and tractor was caused by the negligent acts and omissions of Defendant Zelaya.

24.   That the negligent acts and omissions of Defendant Zelaya, who proximately caused the aforementioned collision and subsequent injuries to Plaintiff Nancy Ransom, include, but are not necessarily limited to, the following specific elements:

a.   He failed to keep his vehicle under proper control.
b.   He failed to keep a proper lookout.
c.   He drove a motor vehicle on a roadway at a speed greater than was reasonable and prudent under the circumstances then existing on or near the roadway.
d.   He drove his motor vehicle in an otherwise reckless and careless manner and lost control of said motor vehicle.
e.   He failed to be a safe, careful and attentive driver.
f.   He failed to maintain a safe distance behind Plaintiff's motor vehicle.
g.   He drove his motor vehicle in such a manner that he violated highway traffic safety statutes for the State of Wyoming, and federal rules and regulations, including, but not limited to, those listed above, which statutes, ordinances and regulations were enacted to prevent the type of activity that was conducted by Defendant Zelaya, and for the type of harm that was experienced by Plaintiff Nancy Ransom.

25.   Defendants owed Plaintiff a duty of reasonable and ordinary care to ensure that its commercial vehicles were not operated in a negligent, careless, reckless, or wanton manner.

## SECOND CAUSE OF ACTION – NEGLIGENCE *PER SE*
### (as to Defendant ZELAYA)

26.     Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

27.     That Defendant Zelaya, owed Plaintiff a duty to exercise due care in driving the truck on a public roadway.

28.     That Defendant Zelaya, owed Plaintiff a duty to properly reduce his speed to account for weather conditions, and to not attempt any lane-changing maneuvers until such were safe under those same weather conditions.

29.     That Defendant Zelaya's actions were in direct violation of various applicable state statutes, county ordinances and municipal codes for the location in which the accident took place.

30.     That such laws were enacted to protect the general public while on the public roadways.

31.     That Plaintiff was a member of the class(es) these various laws were intended to protect.

32.     That at all times mentioned herein, and prior to the incident referred to above, Defendants knew or should have known that they had a duty to ensure that their truck would be operated in a manner that would keep all drivers, including Plaintiff, safe and free from any threat of a vehicular collision. By virtue of the foregoing negligence of Defendants Zelaya, CRST, Does 1 through 10 and Roes 1 through 10, Defendants failed to provide an ordinary, reasonable standard of care as required by law in order to preserve the health, safety and welfare of all other drivers using public roadways, including Plaintiff.

33.     That as a direct and proximate result of the negligence *per se* of Defendants, the Plaintiff suffered severe and serious personal injuries.

## THIRD CAUSE OF ACTION- NEGLIGENT HIRING/RETENTION
### (as to Defendant CRST)

34.     Plaintiff realleges and incorporates by reference herein all prior Paragraphs of this Complaint.

35.     Upon information and belief, Defendants hired Defendant Zelaya with one of the tasks of his employment to drive a commercial truck and/or vehicle.

36.     Defendants had a duty to exercise ordinary reasonable care in hiring employees that were qualified and suitable to perform the duties of operating a vehicle in a reasonably safe manner, and to thereafter provide such employees with proper supervision so that employees do not cause harm to the public during the course and scope of employment.

37.     Defendants breached their duty by hiring and retaining Zelaya, who was upon information and belief has received numerous prior citations for violations of several traffic laws, and is unqualified and unable to operate the truck in a safe and reasonable manner and said breach was a direct and proximate cause of the incident of December 11, 2016 and Plaintiff's injuries and damages.

### FOURTH CAUSE OF ACTION – PUNITIVE/EXEMPLARY DAMAGE
#### (as to all Defendants)

38.     Plaintiff re-alleges and incorporates by reference herein all prior Paragraphs of this Complaint.

39.     Defendants, through their employees, agents and servants, in failing to do the aforesaid acts and omissions complained of herein, acted recklessly, willfully and with wonton disregard of the rights and interests of Plaintiff Ransom by committing, ratifying, approving and authorizing said acts and omissions complained of herein thereby entitling Plaintiff to an award of punitive or exemplary damages against Defendants in an amount to be established at trial by the jury.

WHEREFORE, Plaintiff Nancy Ransom respectfully prays to the Court for the following relief:

1.     For entry of judgment for Plaintiff and against the Defendants for special damages in an amount as supported by the allegations contained in this Complaint and to be established by the evidence at trial and as otherwise allowed herein.

2.     For entry of judgment for Plaintiff and against the Defendants for general damages in an amount as supported by the allegations contained in this Complaint and to be established by the evidence at trial and as otherwise allowed herein.

3.     For entry of judgment for Plaintiff and against the Defendants for Plaintiff's reasonable attorney's fees, costs and expenses incurred in prosecuting this action and as otherwise allowed herein.

4.     For entry of judgment for Plaintiff and against the Defendants for punitive

. and exemplary damages as alleged herein against Defendants.

5.     For pre-judgment and post-judgment interest as provided by law.

6.     For such further and other relief as the Court deems just and equitable.

DATED this 30ᵗʰ day of November, 2018.

NANCY RANSOM:

MICHAEL D. NEWMAN
W.S.B. #5-2510
HAMPTON & NEWMAN, LC
P.O. Box 1000
Rock Springs, WY  82902-1000
(307) 382-6443
(307) 382- 7866 (FAX)
mnewman@hamptonnewmanlaw.com